Irina Roller (IR 0177)
Attorney for Plaintiffs
Law Offices of Irina Roller, PLLC
40 Wall Street – 28th floor
New York, NY 10005
(212) 688-1100

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____x
V.S. individually and on behalf of her child E.S., a minor,

                                   Plaintiffs,                    24-cv-_____ (___)(___)

     -against -                                          **COMPLAINT**

NEW YORK CITY DEPARTMENT OF EDUCATION,

                                   Defendant.
_____x

Plaintiffs, V.S. individually and on behalf of her child, E.S., a minor, by their attorneys, Law Offices of Irina Roller, PLLC as and for their Complaint against defendant, THE NEW YORK CITY DEPARTMENT OF EDUCATION, allege and state the following:

1. At all relevant times, Plaintiff E.S. is a minor child with a disability. At all relevant times plaintiffs reside within New York City, who are entitled to all rights, entitlements, and procedural safeguards mandated by applicable law and statutes including, but not limited to, the Individuals with Disabilities Education Improvement Act ("IDEIA"), 20 U.S.C. §§ 1400, et seq.; the federal regulations governing the IDEIA; Article 89 of the New York State Education law; and Part 200 of the New York State Education Commissioner's Regulations.

2. At all relevant times, all plaintiffs and/or defendant have resided and/or continue to reside within the City and/or County of New York.

3. Plaintiffs, though known to defendant, are not expressly named herein by their given

1

names or specific address because of the privacy guarantees provided by the IDEIA, as well as in the Family Education Rights Privacy Act, 20 U.S.C. § 1232g and 34 E.S.R. Part 99. Upon the request of this Court, plaintiffs are prepared to disclose plaintiffs' identities *in camera*.

4. Defendant, upon information and belief, is a duly constituted school district organized under the laws of the State of New York and is the "local educational agency" charged with the obligation to provide minor plaintiff herein with a free and appropriate public education ("FAPE").

## NATURE OF THE ACTION

5. This action is filed pursuant to the IDEIA, 20 U.S.C. § 1415, and follows three trials on behalf of the plaintiffs that resulted in three decisions issued by three Impartial Hearing Officers ("IHO"), all on the merits in plaintiffs' favor.

6. This action is filed to secure statutory attorneys' fees and costs that plaintiffs should be awarded in this fee application action, and in the underlying proceedings, as the plaintiffs are the "prevailing party" pursuant to the express fee-shifting provisions of the IDEIA, 20 U.S.C. § 1415(i)(3).

## JURISDICTION AND VENUE

7. This court has jurisdiction over this action pursuant to 20 U.S.C. §§ 1415(i)(2) and (3), 34 E.S.R. §§ 300.516 and 300.517, 28 U.S.C. §§ 1331 and 1367 without regard to the amount in controversy. Venue is proper in that plaintiffs and defendant reside in or are situated within this judicial district.

## FACTUAL BACKGROUND

8. Pursuant to the IDEIA statute, as well as the New York State Education Law, all school agencies within the State are required to offer eligible students with disabilities a special education program and services that are tailored to meet the individual needs of each child with a disability.

2

9. On or about February 24, 2020, plaintiffs, V.S. individually and on behalf of her child E.S., a minor, initiated a due process proceeding against defendant, case no.192956, to obtain an order directing defendant to issue tuition reimbursement and/or direct funding for E.S.'s enrollment at International Academy of Hope ("iHope"), to provide an Assistive Technology evaluation, equipment and training, to provide special education transportation, to issue reimbursement for costs incurred related to obtaining the necessary evaluation of E.S.'s data and costs and fees based upon defendant's failure to provide E.S. with a FAPE for the 2018-19 and 2019-20 school years.

10. Following a trial, Impartial Hearing Officer Diane Cohen, Esq. issued an 11-page Findings of Fact and Decision ("FOFD") dated June 1, 2021 in case no. 192956, based upon an analysis of the three-prong "Burlington-Carter" test in which the IHO found:

   a. Defendant, DOE failed to meet their burden on prong I. The DOE failed to offer a Free Appropriate Public Education to the student for the 2018-19 and 2019-20 school years.

   b. Plaintiffs satisfied Prong II by demonstrating that iHope was at all relevant times an appropriate school placement for E.S. for the 2018-19 and 2019-20 school years.

   c. Prong III, also known as the "equities", favored plaintiffs, and there were no equitable considerations which would reduce the award of full reimbursement.

11.  IHO Cohen's Findings of Fact and Decision dated June 1, 2021 directed defendant to issue reimbursement and/or direct payment for tuition costs and provide special education transportation for E.S.'s enrollment at iHope for the 2018-19 and 2019-20 school years.

12. On or about June 6, 2021, plaintiffs, V.S. individually and on behalf of her child E.S., a minor, initiated a due process proceeding against defendant, case no. 210768, to obtain an order of pendency directing defendant to issue tuition reimbursement and/or direct funding and provide

special education transportation for the 2020-21 and 2021-22 school years for E.S.'s enrollment at iHope and to obtain an order directing defendant to issue tuition reimbursement and/or direct funding for E.S.'s enrollment at iHope, to provide special education transportation, to issue reimbursement and/or the direct funding for the cost of any and all necessary equipment required for E.S., to issue reimbursement for transportation costs incurred and costs and fees based upon defendant's failure to provide E.S. with a FAPE for the 2020-21 and 2021-22 school years.

13. Following a trial, Impartial Hearing Officer Jean Marie Brescia, Esq. issued a 16-page Findings of Fact and Decision dated May 2, 2022 in case no. 210768, based upon an analysis of the "Burlington-Carter" test in which the IHO found:

a. Defendant, DOE failed to meet their burden on prong I. The DOE failed to offer a Free Appropriate Public Education to the student for the 2020-21 and 2021-22 school years.

b. Plaintiffs satisfied Prong II by demonstrating that iHope was at all relevant times an appropriate school placement for E.S. for the 2020-21 and 2021-22 school years.

c. Prong III, also known as the "equities", favored plaintiffs, and there were no equitable considerations which would reduce the award of full reimbursement.

14. IHO Brescia's Findings of Fact and Decision dated May 2, 2022 directed defendant to issue reimbursement and/or issue direct payment for tuition costs and provide special education transportation for E.S.'s enrollment at iHope for the 2020-21 and 2021-22 school years.

15. On or about July 11, 2022, plaintiffs, V.S. individually and on behalf of her child E.S., a minor, initiated a due process proceeding against defendant, case no. 228912, to obtain an order of pendency directing defendant to issue tuition reimbursement and/or direct funding and provide special education transportation for E.S.'s enrollment at iHope for the 2022-23 school year and to obtain an order directing defendant to issue reimbursement and/or direct payment for tuition and

4

all program costs at iHope, provide special education transportation, to issue reimbursement for transportation costs incurred, to issue reimbursement and/or directly fund the costs of all required equipment required by E.S. and costs and fees based upon defendant's failure to provide E.S. with a FAPE for the 2022-23 school year.

16. Following a trial, Impartial Hearing Officer Alena Weiserbs, Esq. issued a 16-page Findings of Fact and Decision dated October 31, 2022 in case no. 228912, based upon an analysis of the "Burlington-Carter" test in which the IHO found:

    a. Defendant, DOE failed to meet their burden on prong I. The DOE failed to offer a Free Appropriate Public Education to the student for the 2022 school year.

    b. Plaintiffs satisfied Prong II by demonstrating that iHope was at all relevant times an appropriate school placement for E.S. for the 2022 school year.

    c. Prong III, also known as the "equities", favored plaintiffs, and there were no equitable considerations which would reduce the award of full reimbursement.

17. IHO Weiserbs' Findings of Fact and Decision dated October 31, 2022 directed defendant to issue reimbursement and/or direct funding for tuition costs and provide special education transportation for E.S.'s enrollment at iHope for the 2022-23 school year.

18. As a consequence of the favorable, unappealed FOFD, Plaintiffs qualifies as a "prevailing party" within the meaning of the IDEIA, 20 U.S.C. § 1415(i)(3) for case no. 192956.

19. As a consequence of the favorable, unappealed FOFD, Plaintiffs qualifies as a "prevailing party" within the meaning of the IDEIA, 20 U.S.C. § 1415(i)(3) for case no. 210768.

20. As a consequence of the favorable, unappealed FOFD, Plaintiffs qualifies as a "prevailing party" within the meaning of the IDEIA, 20 U.S.C. § 1415(i)(3) for case no. 228912.

21. Under the IDEIA fee-shifting provisions, plaintiffs should be awarded reasonable

attorney's fees and other recoverable costs for legal services rendered at the trials related to the student's education for the 2018-19, 2019-20, 2020-21, 2021-22 and 2022-23 school years.

22. Plaintiffs are also entitled to an award of attorney's fees and related to filing costs and disbursements associated with this action in an amount to be set by the Court.

## PROCEDURAL REQUIREMENTS

23. Plaintiffs repeat, reiterate and reaffirm each and every allegation set forth above as if fully set forth herein.

24. Plaintiffs have exhausted their administrative remedies, as attorney's fees and related costs may not be recovered at the administrative level and must be adjudicated and determined by the federal court, absent an agreement by the parties.

25. This action on behalf of all plaintiffs is timely brought based on the applicable statute of limitations.

26. As a consequence of the three favorable, un-appealed administrative decisions, referenced above, all plaintiffs qualify as "prevailing parties" within the meaning of the IDEIA, 20 U.S.C. § 1415(i)(3).

27. Under the IDEIA fee-shifting provisions, plaintiffs should be awarded reasonable attorney's fees and other recoverable costs for legal services rendered at the administrative level and in connection with this fee application.

## RELIEF REQUESTED

**WHEREFORE,** by reason of the foregoing, this Court should: (a) declare plaintiffs to be the prevailing party; (b) fix and award plaintiffs' statutory attorney's fees and related costs and disbursements from the trials in the three aforementioned cases; (c) award plaintiffs the attorney's fees and related filing costs and disbursements associated with this action in an amount to be set

6

by the Court; and (d) award plaintiffs such other and further relief as this Court deems fair and just.

Dated:  New York, New York
          May 31, 2024

                    Respectfully submitted,


                    __s/Irina Roller_____
                    Irina Roller (IR 0177)
                    Law Offices of Irina Roller, PLLC
                    *Attorney for Plaintiffs*
                    40 Wall Street – 28th floor
                    New York, NY 10005
                    Phone: (212) 688-1100
                    Email: *Hearings@RollerEsq.com*