

**MURIEL GOODE-TRUFANT**
*Acting Corporation Counsel*

THE CITY OF NEW YORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**Marina Moraru**
*Special Assistant Corporation Counsel*
Office: 212) 356-2456

September 24, 2024

**VIA ECF**
Hon. Robyn F. Tarnofsky
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

Re: *V.S. v. New York City Dep't of Educ.*, 24-cv-4199 (DEH)(RFT)

Dear Magistrate Judge Tarnofsky:

      I am a Special Assistant Corporation Counsel in the office of Acting Corporation Counsel, Muriel Goode-Trufant, attorney for Defendant in the above-referenced action, wherein Plaintiff seeks solely attorneys' fees, costs and expenses for legal work on administrative hearings under the Individuals with Disabilities Education Act, 20 U.S.C. §1400, *et seq.* ("IDEA"), as well as for this action.

      I write to respectfully request a 90-day stay of this action until January 6, 2025. Plaintiff consents to this request. Defendant is still awaiting the needed billing records and retainer agreement/s. Plaintiff now agrees to provide these records by October 7, 2024. (Defendant's deadline to respond to the Complaint is currently December 4, 2024). On August 16, 2024, the Court granted Defendant's first request for an extension, noting "no further extensions of the time to respond to the complaint will be granted absent good cause shown." (ECF 9).

      Defendant respectfully submits that there is good cause. While this is an IDEA fees-only case and liability appears not at issue, without the relevant billing, Defendant cannot begin its internal settlement review process, which includes review of the underlying administrative record together with the relevant billing records, and thereafter present a reasonable early offer of settlement. We have resolved recent similar IDEA fees-only cases brought by plaintiffs represented by the Roller firm without the need to burden the court with any sort of motion practice, conferences or even the need to file an Answer. The parties are hopeful this matter will be resolved as well.

      I also respectfully propose that, if a stay is granted, the parties be required to submit a joint status letter regarding settlement negotiations on or before January 6, 2025.

---

Application GRANTED IN PART. Defendant's time to respond to the complaint is extended until **January 6, 2024**; Plaintiff's failure to provide billing records and the retainer agreement(s) constitutes the requisite good cause for the extension. No further extensions will be granted absent good cause shown. The parties shall provide a joint update to the Court by **October 8, 2024** on whether Plaintiff has made a complete production of the relevant billing records and retainer agreement(s).

Date 9/25/2024
New York, NY

So Ordered.

Magistrate Judge Robyn F. Tarnofsky

2

Thank you for considering these requests.

                                                            Respectfully submitted,
                                                            */s/ Marina Moraru*
                                                            Marina Moraru, Esq.
                                                            Special Assistant Corporation Counsel

cc: Irina Roller (via ECF)